GEORGE HYLAND AND JOHN HYLAND, AS ADMINISTRATORS, ETC., OF GEORGE HYLAND, DECEASED, APPELLANTS, *v.* BRIDGET BAXTER AND OTHERS, RESPONDENTS.

*Administrator — right of, to advance money for the support of infant children having no general guardian — what must be shown to enable the court to credit him with past advances.*

Although a court of equity may possess the power to make an allowance for the support and maintenance of infant children having no general guardian, to the extent that the same may be necessary to meet their absolute wants, and although if such support and maintenance have been supplied by an administrator out of funds held by him for distribution to such infants, it may, in an appropriate case, direct a credit in his favor on an accounting concerning the funds so held by him, yet to justify it in so doing it must be affirmatively shown that he acted in entire good faith, and the amounts of the various advancements, and the times at which, and the purposes for which they were respectively made must be established by satisfactory evidence.

APPEAL from a judgment, entered upon the report of a referee dismissing the plaintiff's complaint.

Bernard Baxter died intestate on the 27th day of May, 1862, leaving him surviving his widow, the defendant Bridget Baxter, and his three children, Mary Ann Baxter, then aged eight years, Bernard Baxter, aged two years, and Ella Baxter, seven months old, all of whom are defendants in this action. George Hyland and Bridget Baxter, the widow, were duly appointed administrator and administratrix by the surrogate of Livingston county. The personal estate of the deceased amounted to the sum of about $1,200, which was mostly converted into money by the administrator, George Hyland. Mrs. Baxter continued to keep house, after the death of her husband, all her children living and residing with her. Hyland was a merchant, living in the same village. Immediately after letters of administration were issued, Mrs. Baxter commenced receiving money from the hands of her co-administrator, and goods from his store, the greater part of which was applied by Mrs. Baxter in the support and maintenance of her infant children. During the time the money and property were being used for the purposes mentioned, the chlidren were without any general guardian.

There is no proof in the case that any of the money or merchandise received by Mrs. Baxter from the hands of Hyland, the administrator, was specifically appropriated for the use of either of the infant children. The support and maintenance which they did receive, was in the care and nursing bestowed upon them by their mother, and in being provided for and maintained at her table.

Neither the administrator nor the administratrix kept any account with either of the children, as to the part and portion of the personal estate which had been received for them or used in their support and maintenance.

In 1872, Wendell Zimmer, as the general guardian for the children, instituted proceedings before the surrogate to compel the administratrix and administrator to settle their accounts. In these proceedings a final decree was made on the 23d of December, 1876, which found the sum of $738.85 to be in their hands undistributed as belonging to the children, after deducting the widows share, with interest thereon from September, 1867, amounting in all to the sum of $1,207.98. This sum the court directed to be equally divided among the children, and the administratrix, Bridget Baxter, was adjudged personally to pay to her administrator, George Hyland, so much of

the said sum ordered to be distributed as he should pay into court in pursuance of the decree. From such decree Hyland took an appeal to the court, which at the time of the trial of this action was pending and undetermined. In June, 1877, Hyland, the administrator, commenced this action, naming Bridget Baxter, his co-administrator, as one of the defendants for the purpose of securing an allowance for the past support and maintenance of the minor children, and that the same with interest be applied and allowed upon the final decree as entered in the Surrogate's Court. Since the trial of this action the plaintiff died, and the present plaintiffs, his personal representatives, have been substituted.

*Oscar Craig*, for the appellants.

*Charles S. Bissell*, as guardian for the infants respondents.

*D. W. Noyes*, for the respondent Bridget Baxter.

BARKER, J.:

In this case, for the purpose of disposing of the appeal we shall hold that, as a general proposition, a court of equity possesses the power to make an allowance for the past support and maintenance of infant children, having no general guardian, to the extent that the same was necessary to meet their absolute wants, and if such support and maintenance were supplied by an administrator out of funds in his hands held by him for distribution to such infants, the court may, in an appropriate case, direct a credit in his favor, on an accounting concerning the funds held by him in his representative capacity. The plaintiff's case is founded on the truth of this proposition.

As we have reached the conclusion that the judgment in this case should be affirmed upon other grounds, we do not need to state the limits and qualifications of the proposition with particularity. All the cases bearing on this subject hold that the advancement must be made in entire good faith, and at such times and in such sums as the court would authorize a general guardian to do if one had been appointed and he had applied for and received permission before such disbursements were made; otherwise the act would not be ratified.

The referee has found that the sum of $1,207.98, so adjudged to be in the hands of George Hyland as such administrator, was paid by him in merchandise or money into the hands of the defendant Bridget Baxter, in her right as administratrix; that the larger portion of the money and property, so received by the said Bridget Baxter from the said George Hyland, was applied by the said Bridget Baxter towards the support. and maintenance of said Mary Ann Baxter, Bernard Baxter and Ella Baxter, the said infants, but in what amount and proportion to each cannot be ascertained, and that all such expenditures were made by the said Bridget Baxter for and on account of said minors prior to June, 1869.

On reading the evidence upon which such findings are based, we find no room to doubt the correctness of the conclusions reached by the learned referee. The data is not given in the proofs from which any tribunal can say the particular sums which should be charged up against each infant. As this uncertainty and confusion comes from an unauthorized use of trust funds, the administrator and administratrix must be the sufferers if any one is harmed. (*Hannahs* v. *Hannahs*, 68 N. Y., 610.)

We have viewed the case as if the deceased administrator was entitled to every allowance which could have been made to the mother if she had applied in her own behalf, for the relief now sought by the appellants. We have not permitted their case to be prejudiced or weakened in our minds by the defendants' present attitude of hostility to the relief sought by the plaintiffs. It must be apparent to every experienced mind, that nothing like accuracy can be reached in any attempt to state an account between the infants and the administrators, concerning their past support'and maintenance.

The judgment is affirmed, with one bill costs in favor of the respondents.

Present — SMITH, P. J., HARDIN and BARKER, JJ

Judgment affirmed, with costs.